***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 10; determination of costs reversed and remanded, otherwise affirmed August 10, 2022

Thomas L. HAYMORE, D. M. D.,
*Petitioner,*

*v.*

BOARD OF DENTISTRY,
*Respondent.*

Oregon Board of Dentistry
20150056, 20150200, 20150222, 20150223;
A170689

James C. Brown filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the briefs for Respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Determination of costs reversed and remanded; otherwise affirmed.

**SHORR, P. J.**

Thomas Haymore, D. M. D., petitions for judicial review of a final order issued by respondent, the Board of Dentistry ("the Board"). That order concluded that Haymore violated a statute and related administrative rules governing licensed dentists. The order reprimanded Haymore, assessed significant civil penalties and costs against him, required additional continuing education classes, and provided for a probationary period during which certain of Haymore's records were subject to the Board's review. Haymore raises six assignments of error to various legal conclusions by the Board that ultimately led to its discipline. We reject each of the assignments of error save one. In his fifth assignment of error, Haymore contends that the Board erred in assessing costs against him. The Board disputes most of that contention but concedes that the Board plainly erred to the extent that the Board intended to assess 30 percent of the costs of the proceeding against Haymore but mistakenly assessed 33 percent of those costs. We accept that concession, exercise our discretion to correct the Board's plain error, and reverse and remand for the Board to correct its computational error. We otherwise affirm.

A detailed recitation of the allegations, defenses, and evidence presented to the Board would be of little benefit to state agencies, the bar, or the general public. In sum, Haymore is a licensed dentist who practices sedation or sleep dentistry. The Board alleged that Haymore violated ORS 679.140(1)(d) and (e) and the administrative rules that govern licensed dentists. The Board concluded that Haymore violated ORS 679.140(1)(d) and (e) and a number of administrative rules governing dentists when Haymore, among other things, treated a five-year-old child with Versed, a benzodiazepine, without an appropriate permit; failed to ensure that two different patients who had undergone minimal sedation were discharged to the care of a responsible party; and failed to document medication and treatment provided to patients. Based on those violations and Haymore's past disciplinary history with the Board, the Board disciplined him as generally summarized at the beginning of this opinion.

As noted, Haymore raises six assignments of error. We summarily address each below.

In his first assignment of error, Haymore contends that the Board erred when it initiated a 2008 proceeding against him without adopting a motion or receiving a complaint against him, and that, as a result, the Board lacked subject matter jurisdiction of *this* separate matter. Haymore's argument attacks the Board's commencement of a different 2008 proceeding that was resolved by a consent order and was not appealed. We agree with the Board that that matter is not before us and provides no basis for Haymore to attack the Board's subject matter jurisdiction in this matter. For similar reasons, we reject Haymore's fourth assignment of error, which contends that the Board erred in failing to deliver the consent order, which resolved that separate 2008 proceeding, to Haymore's counsel of record.

In his second assignment of error, Haymore contends that the Board erred in not allowing him to present oral argument after he submitted exceptions to the Board's January 14, 2019, Amended Proposed Order.[1] Haymore contends that he was entitled to oral argument under ORS 183.460 and OAR 137-003-0650(1). Having reviewed both, each provides an adversely affected party with the right to "file exceptions and present argument" to the agency regarding an adverse proposed order, which Haymore did below. But neither the statute nor the rule provides for a right to *oral* argument to contest a proposed order.

In his third assignment of error, Haymore contends that the Board erred when it made substantial modifications to the administrative law judge's (ALJ's) Proposed Order without identifying and explaining those modifications. Haymore contends that that claimed error violated ORS 183.650(2), OAR 137-003-0665(3), and state and federal constitutional provisions. Having reviewed the relevant orders, we disagree that the Board failed to identify or explain any substantial modifications as required by ORS 183.650(2) and the applicable administrative rule. We reject Haymore's

---

[1] Haymore also raises an entirely unrelated argument in that assignment of error that he does not even attempt to demonstrate is preserved. We reject that argument because it is not preserved.

constitutional arguments because he never develops those arguments in a way that allows us to assess their merits.

In his fifth assignment of error, Haymore contends that the Board erred in assessing costs against him because, he maintains, those costs violated the Oregon Department of Justice billing guidelines and "thereby deprived" Haymore of various statutory and constitutional rights. We agree with the Board that Haymore does not identify where he preserved that argument before the agency. Indeed, Haymore contends that he preserved the argument by raising the Board's obligation to identify and explain substantial modifications to the ALJ's order, which presents a different issue. We therefore reject that argument as unpreserved.

To the extent that Haymore is raising an independent argument that the Board's imposition of costs was improperly guided by the Board's prior decisions assessing costs, which decisions were not in the evidentiary record, we reject that argument on the merits. *See Gustafson v. Board of Accountancy*, 270 Or App 447, 457, 348 P3d 343, *rev den*, 358 Or 374 (2015) (stating that "[n]othing precludes the board from relying on its own knowledge of its prior decisions without placing those prior decisions in the evidentiary record").

We also reject Haymore's contention that the Board abused its discretion in assessing costs. ORS 679.140(5)(j) provides the Board with specific authority to impose "the costs of the disciplinary proceedings as a civil penalty." Here, the Board acted within its discretion in awarding only a portion of those costs.

As we noted at the outset, however, the Board erred in assessing 33 percent of the total costs when it intended to set Haymore's share at 30 percent of those costs. The state contends that that error was not preserved but concedes that the Board plainly erred in that computational error. We accept the state's concession and exercise our discretion to correct that plain error.

Thus, with one exception, we reject all of the arguments presented in Haymore's fifth assignment of error either on preservation grounds or on the merits. As to that

one exception, we remand the order to the Board solely to correct its computational error that resulted in an improper assessment of 33 percent rather than 30 percent of the costs of the proceeding.

Haymore's final and sixth assignment of error claims that the Board violated his "rights under provisions of the Oregon Revised Statutes, the Oregon Constitution, and the due process clause of the Fourteenth Amendment [to] the [United States] Constitution," because the Board allowed Paul Kleinstub to present himself as a dentist and then act as the Board's investigator and testify when Kleinstub was not currently licensed as a dentist. We reject Haymore's argument that Kleinstub was practicing dentistry by participating in this matter as an investigator or that he was required to be a currently-licensed dentist to provide his testimony.

In sum, we reject all of Haymore's arguments except for his argument that the Board made a computational error in assessing costs, and we remand solely for the Board to correct that computational error.

Determination of costs reversed and remanded; otherwise affirmed.